IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2138-FL

| | | |
|---|---|---|
| REGINALD V. YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY JOHNS et al., | ) | |
| | ) | |
| Respondents. | ) | |

The matter is before the court on the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE #12) of respondents Warden Tracy Johns and the United States Parole Commission ("respondents"). Also before the court is the motion to amend (DE #14), filed by petitioner Reginald V. Young. For the following reasons, the court grants both respondents' motion for summary judgment and petitioner's motion to amend.

STATEMENT OF THE CASE

The undisputed facts are as follows. On May 30, 1990, petitioner pleaded guilty in the District of Columbia ("D.C.") to second-degree burglary and robbery. (Resp't's Mem. Ex. A, p. 3.) Petitioner was sentenced to a term of six to eighteen years imprisonment. (Id.) Petitioner was paroled on February 28, 1997, and his parole subsequently was revoked on two additional occasions. (Id. Exs. B, C, and D.) Petitioner most recently was released on parole on September 19, 2003. (Id. Ex. A, p. 6.)

On February 23, 2005, the United States Parole Commission ("the Commission") issued a warrant for petitioner's arrest. (Id. Ex. E.) The Commission charged petitioner with a law violation based upon his November 9, 2004 arrest for second-degree burglary. (Id. Ex. F.) On June 25, 2008, the Commission supplemented petitioner's charges. (Id. Ex. G.) In particular, the Commission stated that petitioner's burglary charge had been dismissed, but that he had been convicted of theft in the D.C. Superior Court and sentenced to thirty-six months in prison and a three-year term of supervised release. (Id.) The Commission also charged petitioner with a law violation for first-degree sex abuse, stating: "the releasee anally penetrated his cell mate against his will while in custody at DC Jail." (Id.) The Commission executed petitioner's warrant on June 24, 2008. (Id. Ex. H p. 1.)

On June 27, 2008, a probable cause hearing was conducted. (Id. Ex. H.) The Commission requested the presence of petitioner's United States Probation Officer Kimberly Queen and Officer C. Hambrick as adverse witnesses at petitioner's parole revocation hearing. (Id. Ex. H, pp. 3-4.) Petitioner requested: "Any and all adverse witnesses." (Id. Ex. H, p. 4.) At the conclusion of petitioner's probable cause hearing, the hearing examiner made a finding of probable cause for the theft and sex abuse charges. (Id. Ex. H p. 2.)

On November 3, 2008, the Commission held a parole revocation hearing. (Id. Ex. I.) The Commission decided to revoke petitioner's parole based upon his theft conviction, but decided to continue the revocation hearing to consider the sex abuse charge. (Id.) The Commission's decision to continue its consideration of the sex abuse charge was due to the fact that the witnesses the Commission subpoenaed in connection with this charge were not present. (Id.) Additionally, the

Commission recommended that Nurse Jocelyn Johnson from the D.C. Jail and Lieutenant Watford also be subpoenaed as witnesses. (Id. Ex. I, p. 2.)

On February 11, 2009, a case analyst from the Commission contacted Darren Boney, the victim of the alleged sex offense (hereinafter the "victim"), who was located at the Montgomery County, Maryland Detention Center. (Id. Ex. K.) The case analyst noted that the victim was reluctant to testify at petitioner's second parole revocation hearing because he was afraid to be housed in the D.C. Jail and did not want to testify in front of the alleged offender. (Id.)

On February 19, 2009, the Commission conducted petitioner's continued parole revocation hearing. (Id. Ex. L.) During the hearing and after considering objections, the hearing examiner overruled the objections and permitted the victim to testify by speaker telephone from the Maryland County Detention Center. (Id. Ex. L, p. 2.) In support of this conclusion, the hearing examiner reasoned that the victim was located in another facility in Boyds, Maryland and that the victim had informed the Commission that he was fearful of petitioner. (Id.) Lieutenant Watford from the D.C. Jail appeared at the hearing, but Nurse Johnson and Officer Hambrick did not appear. (Id.)

At the hearing, petitioner, through counsel, objected to the sex abuse charge. (Id. Ex. J, p. 3.) Petitioner stated that he was acquitted of the offense by a hung jury on May 27, 2008, and that the charges were dismissed without prejudice on June 5, 2008. (Id.) Petitioner further stated, through counsel, that the victim falsely accused him of sexual assault. (Id.) Petitioner's counsel informed the hearing examiner that she believed the victim lied because he was afraid of being placed in solitary confinement for having consensual sex in the jail. (Id. Ex. L. p.4.) Petitioner's counsel further explained that there was sufficient evidence of the absence of force because the victim did not complain or yell for assistance. (Id.)

3

The victim testified at petitioner's hearing and stated that petitioner sexually assaulted him. (Id.) Officer Watford also testified at the hearing, stating that he interviewed the victim and that the victim informed him that he had been sexually assaulted by his cell mate. (Id. p. 7.) On March 31, 2009, the Commission found that petitioner committed the law violation of first degree sexual abuse, and recommended that petitioner be re-paroled on July 8, 2011. (Id. Ex. M.)

Petitioner appealed the Commission's decision that he committed the offense of sexual assault to the National Appeals Board, which affirmed the Commission's decision. (Id. Exs. N and O.) On October 26, 2009, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges that his parole revocation based upon his sex abuse charge violated his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

On February 8, 2010, respondents filed a motion for summary judgment, arguing that petitioner's claims are without merit. On the same date, petitioner filed a motion to amend his petition. On March 1, 2010, petitioner filed a response to respondents' motion for summary judgment.

## DISCUSSION

I.   Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, a petitioner may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Petitioner filed his motion

4

to amend on the same date that respondents filed his responsive pleading. Accordingly, petitioner's motion to amend is GRANTED.

II.     Motion for Summary Judgment

   A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   B.   Analysis

Petitioner contends that his parole revocation proceedings violated his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Due process protections apply to parole revocation proceedings. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972). A parolee is entitled to minimum constitutional due process, which requires a reasonably prompt informal inquiry conducted by an impartial hearing officer to determine if there is reasonable ground to believe that the arrested parolee has violated a parole condition. Id. at 484–87. Thereafter, at the revocation hearing, a parolee is entitled to:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489. The Morrissey Court emphasized that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other materials that would not be admissible in an adversary criminal trial." Id.

1. Right to Confront and Cross-Examine Witnesses

a. The Victim

Petitioner contends that his due process rights were violated because he was not provided the opportunity to confront and cross-examine adverse witnesses. An adverse witness is a witness who has "given statements upon which revocation may be based." 28 C.F.R. § 2.103(c); Morrissey, 408 U.S. at 487. A parolee at a parole revocation hearing does not have an absolute right to confront and examine adverse witnesses. See Morrissey, 408 U.S. at 487; Ball v. U.S. Parole Comm'n, 849 F. Supp. 328, 331 (M.D. Pa. 1994). Federal Rule of Criminal Procedure 32.1, which governs revocation proceedings, incorporates the limited right of confrontation, providing in pertinent part that a supervised releasee must be accorded the opportunity at a revocation hearing "to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Fed.R.Civ.P 32.1(b)(1)(B)(iii). Pursuant to Rule 32.1, "the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine

6

witnesses" and should "balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." Fed.R.Civ.P. 32.1 advisory committee's note (2002).

Petitioner first contends that he was denied the right to confront the victim because the Commission allowed the victim to testify via speaker telephone, rather than in-person, at his February 19, 2009, parole revocation hearing. Petitioner argues that the victim should have been required to testify in-person so that the hearing participants could observe the victim's body language and expressions.

The evidence in the record demonstrates that the hearing officer based his decision to allow the victim to testify by telephone upon the fact that the victim was fearful of petitioner, and upon the fact that the victim was incarcerated at a separate facility in Boyds, Maryland. (Resp.'t's Mem. Ex. L, p. 2.) The evidence in the record further demonstrates that petitioner had the opportunity to hear the victim's testimony and that petitioner's counsel asserted her right to cross-examine the victim via speaker telephone. (Id.) The court finds that the justifications presented by the hearing examiner outweigh petitioner's right to confront the victim. In particular, the court recognizes the victim's safety concern in light of the alleged sexual assault. The court finds that the burden on petitioner's right to confront the victim was minimal in that the victim testified under oath and petitioner was permitted to cross-examine him through the use of a speaker telephone. Thus, the court finds that the hearing examiner did not violate his due process rights.

Petitioner also argues that the hearing examiner violated his due process rights because the hearing examiner's decision to allow the victim to testify over the telephone was motivated by bias. Government officials, including Parole Board members, are presumed to act in good faith. See Paine

7

v. Baker, 595 F.2d 197, 203 (4th Cir. 1979). There is no evidence in the record to support a finding that the hearing examiner was biased. Instead, the record reflects that the hearing examiner heard evidence that the victim was unable to read or write, the victim was diagnosed as bi-polar in 2005, and the victim suffered from a learning disability. (Resp't's Mem. Ex. L, p. 2.) Based upon the foregoing, the court finds that the hearing examiner acted in accordance with Morrissey's mandate that parole revocation hearings remain flexible. See Morrissey, 408 U.S. at 489; see also Shore v. Lockyer, No. C02-2261-SI(PR), 2003 WL 1563991, *6 (N.D. Cal. Mar. 25, 2003) (unpublished) (finding witnesses' testimony via telephone consistent with Morrissey where evidence demonstrated that witness was fearful of the petitioner). Thus, the court finds that this claim is without merit, and that the hearing examiner did not violate his due process rights when he allowed the victim to testify over the telephone.

b. Nurse Johnson and Officer Hambrick

Petitioner next alleges that his due process rights were violated because he was denied the right to confront two additional adverse witnesses: Nurse Johnson and Officer Hambrick.[1] For a parole revocation hearing, the Commission "shall, on the request of the alleged violator, require the attendance of any adverse witnesses who have given statements upon which revocation may be based." 28 C.F.R. § 2.103(c). The Commission also may "require the attendance of adverse witnesses on its own motion, and may excuse any requested adverse witness from appearing at the hearing . . . if it finds good cause for doing so." Id.

---

[1] The evidence in the record demonstrates that Nurse Johnson was not in attendance because she no longer was employed by the D.C. Jail. (Resp.'t's Mem. Ex. L, p. 2.) There was no explanation for Officer Hambrick's absence. (Id.)

8

Petitioner did not request that Nurse Johnson or Officer Hambrick be present at his February 19, 2009 parole revocation hearing. Nor did petitioner object to their absence at the hearing. Additionally, the evidence in the record reflects that the hearing officer did not rely upon the testimony of Nurse Johnson or Officer Hambrick in finding that petitioner committed the sex abuse charge. Rather, the hearing officer based his findings upon the testimony of the victim and Officer Watford. Finally, petitioner has not demonstrated that he was prejudiced by the failure of Nurse Johnson or Officer Hambrick to attend his parole revocation hearing. Accordingly, the court finds that petitioner's need to confront these witnesses does not outweigh the Commission's reason for not producing them. Thus, petitioner has not demonstrated that the absence of Nurse Johnson or Officer Hambrick violated his due process rights, and this claim is without merit.

Even if petitioner was able to demonstrate that the hearing examiner violated his due process rights by denying his right to confront witnesses, his claim still would be without merit because he is unable to demonstrate prejudice. See Ash v. Reilly, 431 F.3d 826, 830 (D.C. Cir. 2005). In this case, the hearing examiner's decision finding that petitioner committed the law violation of sex abuse was dependent upon a credibility determination with respect to the testimony of the victim and petitioner's denial of the charge. Assessing credibility in parole cases is committed to the discretion of the Commission. See Roberts v. Corrothers, 812 F.2d 1173, 1179 (9th Cir. 1987). Here, the hearing examiner found the victim's testimony to be credible. Petitioner has not stated how the presence of the absent witnesses or the in-person testimony of the victim would have produced a different result. Accordingly, the court finds that the evidence relied upon by the hearing examiner was reliable and was sufficient to support the Commission's decision to revoke parole. Therefore,

9

Case 5:09-hc-02138-FL   Document 18   Filed 09/21/10   Page 9 of 11

the court finds that the hearing examiner did not violate petitioner's due process rights, and that this claim is without merit.

2. Alleged Hearsay Testimony

In his second due process claim, petitioner alleges that his due process rights were violated because the hearing examiner allowed Officer Watford to present hearsay testimony. Hearsay is admissible during parole revocation proceedings if it is sufficiently reliable. United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982). Hearsay testimony may be shown to be reliable either by extrinsic corroborating evidence or indicia of reliability showing the statement to be inherently reliable. United States v. Robinson, 364 Fed. Appx. 38, 2010 WL 431453, *1 (4th Cir. Feb. 8, 2010) (citing United States v. Huckins, 53 F.3d 276, 279 (9th Cir. 1995)). However, a court may not admit unsubstantiated or unreliable hearsay as substantive evidence at a revocation hearing. Robinson, 364 Fed. Appx. at *1.

Here, Officer Watford's testimony was based upon a police report.[2] The police report was written by Officer Watford, and was based upon his interview of the victim and his conversations with petitioner. Both the victim and petitioner were available at the hearing. Moreover, the hearsay testimony was corroborated by the victim's testimony at the hearing. Accordingly, the court finds that the evidence relied upon by the hearing examiner was sufficiently reliable to satisfy the due process requirements. See Crawford v. Jackson, 323 F.3d 123, 128 (D.C. Cir. 2003) (finding that a detailed police report providing a "fairly full account of the circumstances" had an "indicia of reliability" and did not violate the defendant's fundamental due process rights.) Therefore, this due process claim is without merit.

---

[2] Officer Watford testified that he did not see Nurse Johnson's report.

10

## CONCLUSION

For the foregoing reasons, respondents' motion for summary judgment (DE #12) is GRANTED. Additionally, petitioner's motion to amend (DE #14) is GRANTED. The Clerk of Court is DIRECTED to maintain management over the new claims petitioner alleged in his amended petition.

SO ORDERED, this the 20th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

11